D. Maimon Kirschenbaum
Michael DiGiulio
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA
Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

**OSCAR MOLINA, on behalf of himself and others similarly situated,**

**Plaintiff,**

v.

**333 HOSPITALITY GROUP LLC, d/b/a CESAR, CESAR RAMIREZ, and ADRIANA RODRIGUEZ,**

**Defendants.**

-------------------------------------------------------x

**CASE NO. 1:26-cv-6329**

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND FRCP 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, allege as follows:

**JURISDICTION AND VENUE**

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

3.      Defendant 333 Hospitality Group, LLC d/b/a Cesar ("Cesar") is a New York limited liability company that owns and operates the restaurant known as Cesar (the "Restaurant") located at 333 Hudson Street, New York, New York 10013.

4.      Cesar has an annual gross volume of sales in excess of $500,000.

5.      Cesar has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

6.      Defendant Cesar Ramirez ("Defendant Ramirez") is a co-owner of Cesar and the Head Chef at the Restaurant. Defendant Ramirez actively manages the Restaurant and has authority to hire, fire, and set the rate of pay and the terms of employment for the employees at the Restaurant, including Plaintiff. Defendant Cesar Ramirez is regularly present at the Restaurant and makes day-to-day decisions that effects personnel and payroll. Defendant Cesar Ramirez hired and fired Plaintiff Molina.

7.      Defendant Adriana Rodriguez ("Defendant Rodriguez") is a co-owner of Cesar and is married to Defendant Ramirez. Defendant Rodriguez helps actively manage Cesar and participates in the day-to-day operations of the Restaurant. Defendant Rodriguez sets employee schedules and manages the tip pool at the Restaurant. Defendant Rodriguez is regularly present at the Restaurant on a daily basis.

8.      Plaintiff Oscar Molina ("Plaintiff Molina") worked for Defendants at the Restaurant as an Expediter/Captain from November 2024 through July 2, 2026.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9.      Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all employees employed by Defendants as service employees on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10.      At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of not paying employees all of the overtime pay to which they are entitled and of misappropriating their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11.      The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and contact information are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

12.      Plaintiff brings the state law wage and hour Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees employed by Defendants on or after the date that is six years before the filing of this Complaint (the "Class Period").

13.      All said persons, including Plaintiff, are referred to herein as the "Class." The Class

members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

14.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

15.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage compensation, failing to pay overtime compensation, misappropriating tips, and failing to provide the required wage statements. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

17.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because

doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

c. Whether Defendants paid Plaintiff and the Class members the applicable minimum wage for all hours worked.

d. Whether Defendants paid Plaintiff and the Class members the applicable overtime rate for all overtime hours worked.

e. Whether Defendants unlawfully diverted tips from the tip pool to tip ineligible employees.

f. Whether Defendants provided Plaintiff and Class members with the proper wage statements.

## **FACTS**

20. Plaintiff's Consent to Sue form is attached as Exhibit A.

21. Plaintiff Molina worked as an Expediter/Captain for Defendants at the Restaurant from November 2024 through July 2, 2026.

22. Plaintiff Molina's role was to expedite orders and deliver food to customer's tables.

23. Defendants paid Plaintiff an hourly wage and tips.

24.    At all times, Defendants paid Plaintiff at an hourly rate below the New York minimum wage.

25.    Defendant paid Plaintiff the then-applicable tip credit minimum wage rates – $11.00 per hour in 2025 and $11.35 per hour in 2026.

26.    However, Defendants were not entitled to pay Plaintiff below the minimum wage and pursuant to a tip credit because Defendants did not give Plaintiff adequate written notice of the tip credit.

27.    For instance, Defendants did not provide Plaintiff written notice of the tip credit when the tip credit minimum wage rate changed in 2025 and 2026.

28.    Furthermore, Defendants were not entitled to pay Plaintiff and other service employees below the minimum wage because Defendants often required Plaintiff and other service employees to spend more than 2 hours or 20% of their shifts performing non-service side work.

29.    Plaintiff's shifts usually lasted seven to eight hours.

30.    During shifts that lasted seven to eight hours, Plaintiff often began working an hour and a half before the Restaurant opened to customers. During that time, Plaintiff polished silverware, polished glassware, set up stations, set up tables, and did other non-service work. At the end of his shift, Plaintiff spent at least 30 minutes taking in tables from the outdoor seating area and cleaning the Restaurant. As such, Plaintiff often spent more than 20% or two hours of his shifts performing non-service work.

31.    Defendants did not pay Plaintiff for all of the hours that he worked.

32.    Defendant Ramirez explicitly told Plaintiff to clock in an hour after he began working and to clock out an hour before he stopped working at the end of his shift. Because

Defendants paid Plaintiff based on his clocked in time, Defendants failed to pay Plaintiff for all the hours he worked.

33.    Plaintiff often worked seven to eight hours per day, seven days a week.  Thus, his unpaid hours included regular and overtime hours.

34.    When Defendants paid Plaintiff for overtime hours, they paid him an incorrect and unlawful overtime rate. Because Defendants were not entitled to take a tip credit from Plaintiff's hourly pay, Defendants should have paid Plaintiff, and other service employees, one and a half times the minimum wage (i.e., $25.50 per hour in 2026). However, Defendants paid Plaintiff and the other service employees less than the full overtime rate.

35.    Even if Defendants could have lawfully paid Plaintiff the tip credit minimum wage, Defendants still violated the overtime requirements by paying Plaintiff less than the tip credit minimum wage overtime rates.

36.    For example, for the week ending July 2, 2026, Defendants paid Plaintiff for 43.12 hours. They paid him $19.35 per hour for 3.12 overtime hours that week, when the tip credit minimum wage overtime rate was $19.85 per hour.

37.    Plaintiff and the other front of house service employees were required to pool all of the tips collected at the Restaurant.

38.    However, Defendants unlawfully diverted tips from the tip pool to tip ineligible employees, including managers.

39.    Defendants required Plaintiff to share tips with front of house floor managers. These individuals had the authority to hire employees, managed the front of house staff, and were in charge of the customer experience at the Restaurant, routinely representing themselves as managers to customers when issues arose.

40.     In addition, Defendants distributed tips from the tip pool to chefs and other back of house employees.

41.     The chefs and other back of house employees who received tips were not allowed to receive tips from the pool because they did not provide direct customer service to customers. They did not take orders from guests, bring food to the guests on more than a *de minimis* basis, bus tables, or provide any other direct customer service to guests.

42.     Defendant Ramirez made the decision to include back of house employees in the tip pool. He openly stated that he gave certain chefs points in the tip pool as a reward for their good work.

43.     Defendant Ramirez also punished front of house employees by reducing their share of the tip pool as punishment for what he perceived as poor work performance.

44.     Defendants refused to allow any front of house employees, including Plaintiff, to review tip sheets or the tip pool breakdown.

45.     Defendants had full control over the tip pool and distributed the tips as they saw fit.

46.     Plaintiff received paystubs from Defendants which did not accurately state the hours he worked.

47.     Because Defendants paid Plaintiff for the number of hours listed on his paystubs, the inaccuracies on his paystubs caused him to be underpaid.  In addition, had the paystubs stated the correct number of hours he worked and he continued to be underpaid, Plaintiff would be in a better position now to seek repayment of his lost wages.

48.     That is, Plaintiff's ability to advocate for himself and show that he was not paid the correct amount for all of the time that he worked is harmed by Defendants' failure to provide wage statements that accurately reflect the hours he worked.

49.    Defendants committed the foregoing acts knowingly against Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

## FIRST CLAIM FOR RELIEF
### FLSA Overtime Violations, 29 U.S.C. § 207
**(Brought by Plaintiff on Behalf of Himself and the FLSA Collective Members)**

50.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

51.    At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

52.    At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

53.    During the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per work week, and Defendants knowingly and willingly did not pay them the full overtime wages they are owed for these overtime hours.

54.    Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### FLSA Tip Retention, 29 U.S.C. § 203(m)
**(Brought by Plaintiff on Behalf of Himself and the FLSA Collective Members)**

55.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

10

56. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

57. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

58. During the statute of limitations period covered by these claims, Defendants knowingly diverted a portion of Plaintiff's and the FLSA Collective Plaintiffs' tips to managers.

59. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective retained gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**<u>THIRD CLAIM FOR RELIEF</u>**
**New York Overtime Violations**,
**N.Y. Lab. L. §§ 650 *et seq.*, 12 NYCRR §§ 146-1.4**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

60. Plaintiff realleges and incorporates by reference all previous paragraphs.

61. Throughout the Class Period, Plaintiff and members of the Class worked in excess of forty (40) hours per work week, and Defendants knowingly and willingly did not pay them the full overtime wages they are owed for these overtime hours.

62. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

11

## FOURTH CLAIM FOR RELIEF
**New York Minimum Wage Violations,**
**N.Y. Lab. L. §§ 650 *et seq.*, 12 NYCRR §§ 146-1.3, 2.2**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

63.    Plaintiff realleges and incorporates by reference all previous paragraphs.

64.    Defendants knowingly paid Plaintiff and Class Members less than the New York State minimum wage for all hours worked.

65.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
**Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d and 198-b**
**(Brought By Plaintiff on Behalf of Himself and the Class)**

66.    Plaintiff realleges and incorporates by reference all previous paragraphs.

67.    Throughout the statute of limitations period covered by these claims, Defendants knowingly and willfully retained/misappropriated gratuities belonging to Plaintiff and the Class members.

68.    Plaintiff, on behalf of themselves and the Class members, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the NYLL, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
**New York Wage Statement Requirements, N.Y. Lab. L. §§ 195, 198**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

69.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

12

70. Defendants did not provide Plaintiff and Class Members with the wage statements required by N.Y. Lab. Law § 195.

71. As a result of Defendant's unlawful conduct, Plaintiff and the Class Members are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I.      Pre-judgment and post-judgment interest, as provided by law; and

J.      Such other and further legal and equitable relief as this Court deems necessary, just

and proper.

Dated: July 24, 2026                    Respectfully submitted,
       New York, NY
                                        JOSEPH & KIRSCHENBAUM LLP

                                        By: /s/ D. Maimon Kirschenbaum
                                            D. Maimon Kirschenbaum
                                            Michael DiGiulio
                                            45 Broadway, Suite 320
                                            New York, NY 10006
                                            Tel: (212) 688-5640
                                            Fax: (212) 981-9587

                                        *Attorneys for Named Plaintiff, proposed*
                                        *FLSA Collective Plaintiffs, and Proposed*
                                        *Class*


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to

which he has a right to jury trial.